IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.: 1:08cr16/MP/GRJ
 1:16cv219/MP/GRJ

ALFRED LEE CASON,

     Petitioner.

___

## REPORT AND RECOMMENDATION

     This matter is before the court on Petitioner's first amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 77.) The Government has filed a response (ECF No. 80), and Petitioner has not filed a reply, despite having been afforded the opportunity to do so. (*See* ECF No. 78.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an

evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## BACKGROUND and ANALYSIS

In July of 2008 following a bench trial, Petitioner was found guilty of "bank robbery by force, violation or by intimidation" in violation of Title 18 U.S.C. § 2113(a). (ECF No. 31, p. 2.) The court sentenced him to 180 months' imprisonment, followed by three years of supervised release. (ECF No. 41.) The court found Petitioner to be a career offender under United States Sentencing Guideline § 4B1.1 after adopting the findings of the Presentence Investigation Report that he was at least eighteen years old at the time of the instant offense, that the instant offense was a felony crime of violence, and that he had at least two prior felony convictions of either a crime of violence or controlled substance offense. (*See* ECF No. 76, PSR ¶¶ 19, 34, 41.) Petitioner appealed, and his conviction and sentence were affirmed. (ECF Nos. 65, 66.)

Petitioner timely filed the instant motion raising a single claim seeking sentencing relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (*See* ECF Nos. 74, 75, 77). In Johnson, the Supreme Court ruled that the Armed Career Criminal Act's "residual clause" was unconstitutionally

vague.  Johnson, 135 S. Ct. at 2563.  Thus, for the purpose of this enhancement, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses.[1]

Petitioner was not sentenced as an armed career criminal under the ACCA, but rather as a career offender under the Sentencing Guidelines. U.S.S.G. Section 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  The definition of a "crime of violence" under the Guidelines at the time of Petitioner's sentencing was nearly identical to the definition of a "violent felony" under the ACCA.  *See* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2) (2015).

---

[1] The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause] or (ii) is burglary, arson, or extortion, involves the use of explosives [known as the enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [known as the residual clause]."  18 U.S.C. § 924(e)(2)(B)(i) and (ii).

Case Nos.: 1:08cr16/MP/GRJ; 1:16cv219/MP/GRJ

The record reflects that Petitioner was sixty years old when he committed the instant offense, and his conviction under 18 U.S.C. § 2113(a) is a crime of violence.  (*See* ECF No. 76 at 2); *see also* In re Sams, 830 F.3d 1234, 1238-39 (11th Cir. 2016)(holding that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause). Petitioner's qualifying prior felony offenses are two controlled substance offenses: an April 1988 conviction for knowingly and intentionally distributing five (5) grams or more of cocaine base and conspiracy to possess with intent to distribute five (5) grams or more of cocaine base, and an October 2005 conviction for sale of cocaine within 1,000 feet of a place of worship and unlawful possession of a controlled substance.  (*See* ECF No. 76, PSR ¶¶ 19, 34, 41.)  Thus, the residual clause of the career offender guideline in existence at the time of Petitioner's sentencing was not implicated.

Even if it Petitioner's prior qualifying offenses had fallen under the residual clause, his claim would be foreclosed by binding circuit precedent. *See* United States v. Matchett, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding that the void-for-vagueness doctrine does not apply to the advisory

Sentencing Guidelines, and Johnson therefore cannot invalidate a Guidelines sentence). The court further notes that while the Supreme Court is poised to address whether the vagueness doctrine applies to the Sentencing Guidelines, *see* Beckles v. United States, 136 S. Ct. 2510 (2016), this decision can have no impact on Petitioner's sentence. This is because, again, the two predicate offenses underlying the application of the career offender guideline were qualifying controlled substance convictions rather than crimes of violence. Thus, a stay pending the Supreme Court's decision in Beckles is not warranted, and Petitioner's motion is due to be denied.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

Case Nos.: 1:08cr16/MP/GRJ; 1:16cv219/MP/GRJ

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's first amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 77) should be **DENIED**

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 1st   day of November, 2016.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:08cr16/MP/GRJ; 1:16cv219/MP/GRJ